**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GERALD HENNEGHAN**, Plaintiff, v. **SHERRY TRAFFORD, et al.**, Defendants. | Case No. 24-cv-489 (CRC) |

**MEMORANDUM OPINION**

*Pro se* plaintiff Gerald Henneghan brings this suit seeking to nullify the foreclosure sale of his family home in Washington, D.C. He names as defendants The Bank of New York Mellon[1] and Select Portfolio Servicing, Inc., the lenders on the property; BWW Law Group, which prosecuted the foreclosure action on behalf of the lenders; and D.C. Superior Court Magistrate Judge Sherry Trafford, who entered the foreclosure judgment in December 2023. See Compl. at 5–6. Henneghan seeks $8 million in damages from each private defendant for intentional infliction of emotional distress and violations of federal law, an order compelling review of the foreclosure judgment in D.C. Superior Court, and an order compelling the defendants to recognize him as the representative of his deceased mother's estate. Id.

In response to this suit, the two lender defendants have filed an answer, ECF No. 10, while BWW Law Group and Judge Trafford have moved to dismiss, claiming, among other things, that they were improperly served, that the complaint fails to state a claim to relief, and that the Court lacks subject-matter jurisdiction, see BWW Mot. Dismiss, ECF No. 11; Trafford

[1] The bank identifies the correct defendant as "The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates Series 2005-17." ECF No. 10 at 1.

Mot. Dismiss, ECF No. 19. Henneghan, meanwhile, has filed seven motions of his own seeking various relief. See ECF No. 2 (Motion for Injunction); ECF No. 3 (Motion for Temporary Restraining Order); ECF No. 15 (Motion to Take Judicial Notice); ECF No. 18 (Motion to Stay and Motion for Leave to Amend the Complaint); ECF No. 23 (Motion for Sanctions); ECF No. 27 (Motion for Evidentiary Hearing). The Court has fully considered all these motions and the materials accompanying them in ruling on the motions to dismiss. See Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 151–52 (D.C. Cir. 2015) (per curiam) ("[A] district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings[.]" (quoting Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999))). Having done so, the Court agrees with the moving defendants that it lacks jurisdiction to entertain what is essentially a collateral attack on a D.C. Superior Court proceeding. The Court will therefore dismiss the case.

## I. Legal Standards

Judge Trafford moves to dismiss the complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). On a 12(b)(1) motion, the plaintiff "bears the burden of proving by a preponderance of the evidence that the Court has subject-matter jurisdiction over her claims." Schmidt v. U.S. Capitol Police Bd., 826 F. Supp. 2d 59, 69 (D.D.C. 2011). Though the Court "must treat the complaint's factual allegations as true, and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged[,]" "it is well established that the Court may look to materials beyond the pleadings when considering a 12(b)(1) motion to assure itself of jurisdiction[.]" Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp., 585 F. Supp. 3d 63, 69–70 (D.D.C. 2022) (internal quotation marks and citations omitted), aff'd, 77 F.4th 679 (D.C. Cir. 2023). "[S]ubject-matter jurisdiction, because it involves

a court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002).

Because the Court will dismiss the case for lack of jurisdiction, it need not recite the standards for Rules 12(b)(5) and 12(b)(6), under which Judge Trafford also seeks dismissal. And though BWW Law Group only moves to dismiss pursuant to Rule 12(b)(6), and the lender defendants have not moved to dismiss at all, when a court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

## II. Analysis

Though not a model of clarity, Henneghan's complaint requests (1) an order directing Judge Trafford to respond to his request for Superior Court review of her December 2023 foreclosure judgment, (2) an order directing the lender defendants to "comply" with another Superior Court order that he says appointed him as representative of his deceased mother's estate, and (3) millions of dollars in compensatory and punitive damages against the lender defendants and BWW Law Group. See Compl. at 5–6; Opp'n BWW Mot. Dismiss, ECF No. 18, ¶ 13. In support of his damages claims, Henneghan contends that the foreclosure constitutes intentional infliction of emotional distress; that the defendants "targeted" him in violation of federal civil rights laws because he is an African American man "fighting to keep [his] inheritance and generational wealth passed to [him] by [his] parents"; and that the foreclosure violates the D.C. Foreclosure Moratorium, D.C. Code § 42-851.01, and Regulation X, an implementing regulation of the federal Real Estate Settlement Procedures Act ("RESPA").[2] See

[2] Regulation X prohibits loan servicers from seeking a foreclosure judgment before evaluating a borrower's loss-mitigation application. See 12 C.F.R. § 1024.41(g).

Compl. at 5–6. Because the Rooker-Feldman doctrine precludes review of each of these claims, the Court must dismiss the complaint.

"The Rooker–Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (per curiam) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); see also Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts lack such jurisdiction because the Supreme Court's jurisdiction over final state-court judgments is exclusive. Feldman, 460 U.S. at 486 (citing 28 U.S.C. § 1257). In addition to barring review of issues actually decided by a state court, Rooker-Feldman also bars federal district court review of issues "inextricably intertwined" with a state court's order. Feldman, 460 U.S. at 483 n.16. A "federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Ananiev v. Freitas, 37 F. Supp. 3d 297, 312 (D.D.C. 2014) (citation omitted), aff'd, 587 F. App'x 661 (D.C. Cir. 2014). And because "United States district courts do not have authority to review or otherwise interfere with ongoing D.C. Superior Court matters," when presented with a request to do so, the Court must dismiss the claim. Pearson v. United States, 377 F. App'x 22, 22 (D.C. Cir. 2010) (per curiam) (citing Feldman, 460 U.S. at 486).

Henneghan's complaint presents such a request because it seeks to relitigate several issues that were actually decided by the D.C. Superior Court. The Superior Court has repeatedly found that Henneghan has no legal interest in the property at issue, was never appointed representative of his deceased mother's estate, and lacks standing to challenge the foreclosure

judgment that the estate's personal representative consented to. See Order Den. Mot. for Judicial Review, Bank of N.Y. Mellon v. Est. of Sarah Ellen Henneghan, No. 2015-CA-007687-R(RP), slip op. at 3–10 (D.C. Super. Ct. Mar. 18, 2024) (citing Henneghan v. Bank of N.Y. Mellon, No. 19-CV-1248, slip op. at 5 (D.C. Feb. 2, 2022) (dismissing a prior appeal for lack of standing)). It has also previously ruled on Henneghan's claim under the now-expired D.C. Foreclosure Moratorium, finding that the law does not apply to Henneghan because he is not a "homeowner" with respect to the subject property. Id. at 12 (citing D.C. Code § 42-851.01). And while the Superior Court has not directly ruled on Henneghan's federal damages claims, each one is inextricably intertwined with the Superior Court's judgments because it "succeeds only to the extent that the state court wrongly decided" ownership of the property. Ananiev, 37 F. Supp. 3d at 312. To illustrate the point, the defendants cannot have "targeted" Henneghan or otherwise sought to inflict emotional distress on him by entering into consent foreclosure on a property in which he has no legal interest. Likewise, if Henneghan was never a "borrower" on the subject property, he had no right to invoke RESPA's loss-mitigation procedures. See 12 C.F.R. § 1024.41. While the Court recognizes that Henneghan continues to dispute the Superior Court's determinations, it lacks jurisdiction to review them. And where "a suit seeking damages for the execution of a judicial order is just a way to contest the order itself, . . . the Rooker–Feldman doctrine is in play." Ananiev, 37 F. Supp. 3d at 312 (quoting Homola v. McNamara, 59 F.3d 647, 651 (7th Cir. 1995)).

Henneghan responds that he is currently appealing the unfavorable state court decisions to the D.C. Court of Appeals. See Reply in Supp. of Mot. Judicial Notice, ECF No. 22, ¶ 9; see also Henneghan v. Bank of N.Y. Mellon, Nos. 24-CV-328, 24-CV-424 (D.C. Mar. 30, 2024) (consolidated appeal). But this observation only confirms that it is the D.C. Court of Appeals

that has jurisdiction over the issues Henneghan seeks to relitigate here. Henneghan nonetheless presses that the Court may supplant these state court proceedings based on his insistence that "President Biden never appointed Defendant Sherry Trafford to be a 'MORTGAGE FORECLOSURE JUDGE'" and therefore her December 2023 order was "no more than the act[] of a private citizen." Opp'n Trafford Mot. Dismiss, ECF No. 26, ¶¶ 2, 8; see also Opp'n BWW Mot. Dismiss ¶ 12. But whether Judge Trafford somehow exceeded her authority in issuing the challenged order is a question for the D.C. Court of Appeals to answer.[3] Henneghan's responses therefore fail to establish jurisdiction in this Court.

The Court pauses here to briefly address each of the motions Henneghan has filed over the short pendency of this suit.

First, the Court will grant Henneghan's motion to take judicial notice of a D.C. Superior Court order denying several of his motions to vacate its previous orders. See ECF No. 15. The Court may consider materials outside the pleadings on a 12(b)(1) motion and may take judicial notice of public documents filed on a court docket in any event. See, e.g., Lewis v. Parker, 67 F. Supp. 3d 189, 195 n.6 (D.D.C. 2014) (collecting cases). However, the order, which merely states that the Superior Court has no record of Henneghan's appointment as representative of his mother's estate, does not entitle him to any relief in this Court. See ECF No. 18-1 (Signed D.C. Superior Court Order), at 4. Nor do Henneghan's other citations to parts of the Superior Court record that allegedly support his claimed appointment. See, e.g., ECF No. 22 ¶¶ 2–4.

[3] Henneghan has his facts wrong in any event. As Judge Trafford observes, and the Court can judicially notice, D.C. Superior Court "magistrate judges are selected by 'the chief judge of the Superior Court,'" not the president. Trafford Reply at 2 (quoting D.C. Code § 11-1732(a)).

Second, the Court denies Henneghan's motions to enjoin the February 22, 2024, foreclosure sale as moot. See ECF Nos. 2, 3. Henneghan does not dispute BWW Law Group's representation that the sale took place as scheduled on February 22, 2024, but that ratification remains pending in Superior Court given the continuing litigation. See BWW Mot. Dismiss at 1. To the extent Henneghan's motions seek to interfere with the ratification process, they must be denied under the Anti-Injunction Act, as they ask this Court to intervene in ongoing state court foreclosure proceedings and do not assert that any exception applies. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

Third, the Court denies Henneghan's motion to stay the case based on the specter of related criminal proceedings. See ECF No. 18 at 1–2. Though "[a] trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere[,]" Henneghan has not referenced any ongoing criminal proceedings. Marsh v. Johnson, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (citation omitted). Instead, he attaches a complaint he filed with the Department of Justice's Civil Rights Division, a letter to the Attorney General, and an electronic tip he submitted to the FBI. See ECF No. 18-1 at 9–13, 37–53. Henneghan's apparent attempts to prompt criminal proceedings against the defendants do not establish a need to stay his civil proceedings against them. See also Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

Fourth, the Court denies Henneghan's motion for leave to amend, ECF No. 18, as he has not submitted a proposed amended complaint or any points or authorities in support of his motion. See Local Civ. Rs. 7(a), 15.1. Though a court "should freely give leave when justice so

requires," Fed. R. Civ. P. 15(a)(2), without the benefit of a proposed amended complaint, the Court is unable to determine whether amendment would cure the jurisdictional defects in Henneghan's original complaint. See Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 130–31 (D.C. Cir. 2012) (Where a request to amend "neither included a proposed amended complaint nor otherwise indicated that [the plaintiff] would be able to plead sufficient facts to state a plausible claim for relief . . . 'it could hardly have been an abuse of discretion' for the district court to deny leave to amend.") (quoting Confederate Mem'l Ass'n, Inc. v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993)).

Fifth, the Court denies Henneghan's motion for sanctions against the lender defendants for "intentionally misleading the court" in stating that he is a "squatter who was never appointed as the person[al] representative for the Estate of Sarah Ellen Henneghan." ECF No. 22 at 1. Sanctions may only be imposed after the moving party gives "notice and a reasonable opportunity to respond," including service with the motion for sanctions 21 days before the motion is filed with the Court. Brown v. F.B.I., 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (quoting Fed. R. Civ. P. 11(c)). And as the defendants note, and Henneghan does not dispute, he failed to comply with this procedural requirement, which "must be satisfied before the Court considers the substantive aspects of plaintiff's motion." Id.; see also ECF No. 22 at 8 (stating that Henneghan served his motion on the parties, rather than their counsel, on the same day he filed them with the Court). The subject characterizations do not appear sanctionable in any event.

Sixth, and finally, the Court denies Henneghan's motion for an evidentiary hearing on the service issues and the pending motions as moot. See ECF No. 26.

* * *

Though the Supreme Court has held that Rooker–Feldman is a "narrow doctrine," it applies in exactly these situations: "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance, 546 U.S. at 466. At bottom, Henneghan seeks this Court's intervention in an ongoing state court foreclosure proceeding and the nullification of a final judgment in that court. Lacking jurisdiction, the Court must dismiss the case.

## III. Conclusion

For these reasons, the Court will dismiss the complaint and the case in a separate order that accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: July 18, 2024